IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv201-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Terry Turner, applied for and was denied supplemental security income ("SSI") under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-83c. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which Plaintiff was found not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of    Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was 43 years of age at the time of the hearing before the ALJ and had a 9th grade education.  Tr. 44.  Plaintiff had no past relevant work experience.  Tr. 56.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since" the application date. (Step 1)  Tr. 41.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "Diabetes; Status post gunshot wounds to the back and leg; obesity; left knee arthritis; and mild mental retardation."[5]  *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  *Id*.  Next, the ALJ found that Plaintiff has the RFC to perform sedentary unskilled work.  Tr. 43.  Because Plaintiff had no past relevant work, the ALJ moved on to Step 5.  At Step 5, and after consulting a VE, the ALJ determined that "there are jobs that exist in significant numbers in the national economy" that Plaintiff can perform.  Tr. 57.  The ALJ identified the following occupations as examples:  "Machine Tender," "Folder," and "Assembler."  Tr. 57.  Accordingly, the

---

[5] Despite making a finding of mild mental retardation at Step 2, the ALJ did not make a finding of disability.  The Commissioner explains this as a simple error on the part of the ALJ—that the ALJ meant to write "borderline intellectual functioning."  *See* Def.'s Br. (Doc. 15) at 7.

5

ALJ determined that Plaintiff had not been under a disability from the alleged onset date, through the date of the decision. Tr. 58.

## IV.     PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: 1) "Based upon the undisturbed administrative findings of the ALJ, Mr. Turner respectfully requests that this Honorable Court determine that his mild mental retardation meets and/or medically equals Listing 12.05C"; and 2) "The Commissioner's decision should be reversed, because the ALJ erred at step three of the evaluation process by failing to provide any meaningful rationale with respect to his medically equals determination."  Pl.'s Br. (Doc. 11) at 3.  Because the issues are interrelated the court will address them as one.

## V.     DISCUSSION

The structure of the Listing for Mental Retardation, 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05, is different from that of other mental disorders listings. The Listing contains an introductory paragraph which states: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05.  Further, the introductory paragraph states that "[t]he required level of severity for this disorder is met when the requirements in A, B, C, or D are

satisfied." *Id*. Thus, if a plaintiff's impairment satisfies the diagnostic description in the introductory paragraph and any one of the four paragraphs, the impairment meets the Listing for Mental Retardation.

In evaluating whether Plaintiff met the requirements of mental retardation in Listing 12.05, the ALJ apparently failed to consider the introductory paragraph. Instead, the ALJ immediately began to analyze the requirements of paragraphs A, B, C, and D. Tr. 42-43. In regards to this omission, the Commissioner argues that "based on the overall record, Plaintiff did not establish that he had significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22." Def.'s Br. (Doc. 15) at 10. In other words, the Commissioner asserts that Plaintiff did not meet the requirements of the introductory paragraph and invites the court to analyze the "overall record" and make the introductory paragraph determination. The court could just as easily infer from the ALJ's opinion that because she evaluated the requirements of paragraphs A, B, C, and D that the ALJ found that Plaintiff met the requirements of the introductory paragraph. Moreover, Plaintiff's full scale IQ score of 61 and evidence of additional physical impairments, "absent evidence of sudden trauma that can cause retardation," creates a presumption that Plaintiff not only meets the requirements of the introductory paragraph, but meets Listing 12.05(C). *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001).

Further, the court finds the Commissioner's arguments regarding Plaintiff's adaptive functioning to be without merit. The Commissioner relies on the findings the ALJ makes in relation to the "paragraph D" criteria. It appears the Commissioner would have this court read the introductory paragraph and "paragraph D" as the same. Whereas, the introductory paragraph requires the subaverage intellectual functioning and deficits in adaptive functioning to onset prior to the age of 22, paragraphs A, B, C, and D, describe the ways in which those Mental Retardation factors (intellectual functioning and deficits in adaptive functioning) can occur. Specifically, "paragraph D" requires "at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C). Those specific findings of "marked" limitations and "repeated episodes" are not the same as the general requirement of "deficits in adaptive functioning" in the introductory paragraph. It they were the same, there would be no point in moving beyond the introductory paragraph.

In addition, not only did the ALJ fail to state his findings in relation to the introductory paragraph, he also erred when evaluating Plaintiff's claim under "paragraph C." Paragraph C requires: (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation or function." 20 C.F.R., pt. 404, subpt. P, app. 1, §

8

12.05(C).  In determining the second prong, the ALJ will assess "the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [a claimant's] physical or mental ability to do basic work activities, *i.e.*, is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)."  *Id*. at § 12.00(A) para. 4.  Therefore, if it is determined that a plaintiff has a "severe impairment" as defined in Step 2 of the ALJ's evaluation, then this satisfies Paragraph C's requirement of "additional and significant."  *See Carroll v. Astrue*, No. 1:08CV74-SRW, 2009 WL 1708073, at *1, n.2 (M.D. Ala. 2009 June 17, 2009) (citing 65 Fed. Reg. 50,746 at 50,772 (Aug. 21, 2000) ("We have always intended the phrase [significant work-related limitation of function] to mean that the other impairment is a 'severe' impairment, as defined in §§ 404.1520(c) and 416.920(c)."); *Jones v. Colvin*, 2013 WL 842704, at *4 (M.D. Ala. Mar 06, 2013); *Morris v. Astrue*, 2012 WL 3288667, at *4 (M.D.Ala. Aug 10, 2012); *Tyree v. Astrue*, 2012 WL 345362, at *3 (S.D. Ala. Feb 01, 2012).

    The ALJ's evaluation of Paragraph C in this case was that while Plaintiff's IQ score fell within the 60-70 range, "the evidence of record does not establish that the claimant has a physical or other mental impairment that imposes any additional and/or significant work-related limitation of function."  Tr. 43.  This finding is not consistent with the ALJ's findings at Step 2.  *See Carroll*, 2009 WL at 1708073 at *2 (holding that a finding of "severe" physical impairments at step 2 *ipso facto* was a finding that the claimant had shown an impairment as required by the second prong of Listing 12.05C).

As such, the ALJ erred in his determination that Plaintiff did not prove his impairments met Listing 12.05(C). However, whether this is harmless error depends on the ALJ's determination following remand, concerning whether Plaintiff meets the requirements of the introductory paragraph of Mental Retardation. If Plaintiff does not meet this introductory paragraph, the ALJ's determination concerning Paragraph C may be harmless error; if Plaintiff does meet this introductory paragraph, Plaintiff meets the listing, and is entitled to benefits.

Accordingly, this court finds that remand is necessary to determine whether Plaintiff met the introductory paragraph of 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C).

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case REMANDED for further proceedings consistent with this opinion.

Done this 13th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE